```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------- x
ALICIA DAVIS,                       :
                                    :
                Plaintiff,          :
                                    :
    -against-                       :   ORDER ADOPTING REPORT
                                    :   AND RECOMMENDATION
NEW YORK CITY DEPARTMENT/BOARD OF   :
EDUCATION, THERESA EUROPE, NAAEMAH  :   No. 14 Civ. 2281 (KAM)(LB)
LAMONT, NYC OFFICE OF GENERAL       :
COUNSEL, BROOKLYN HIGH SCHOOL OF    :
THE ARTS, and PRINCIPAL MARGARET    :
LACEY-BERMAN,                       :
                                    :
                Defendants.         :
----------------------------------- x
```
**MATSUMOTO, United States District Judge:**

On April 9, 2014, plaintiff Alicia Davis ("plaintiff" or "Davis") commenced this *pro se* action against defendants New York City Department/Board of Education ("defendant" or "BOE"), Theresa Europe, Naeemah Lamon, the New York City Office of General Counsel, Brooklyn High School of the Arts ("BHSA"), and BHSA Principal Margaret Lacey-Berman alleging that defendants violated her rights under the First, Fifth, Seventh, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983; conspired against her under 42 U.S.C. §§ 1985 and 1986; retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; discriminated against her in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; and violated her rights under related state and city laws.

1

Plaintiff filed an Amended Complaint asserting the same claims on July 31, 2014. (ECF No. 24, Amended Complaint ("Amend. Compl.").)

Defendants moved to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and on grounds of res judicata and collateral estoppel, and the motion was fully briefed on October 14, 2014. (ECF Nos. 25-29.) Defendants' motion was referred to the Honorable Judge Lois Bloom for a Report and Recommendation on April 23, 2014. (*See* Order dated 4/23/15.)

On August 19, 2015, Judge Bloom issued a Report and Recommendation recommending that this court grant defendant's motion to dismiss with respect to all of plaintiff's federal claims and decline supplemental jurisdiction over plaintiff's remaining city and state law claims. (*See* ECF No. 31, Report and Recommendation dated 2/19/2015 ("R & R") at 1.) The R & R also informed the parties that any written objections to the report must be filed within fourteen days of service of the R & R. (R & R at 17 (citing 28 U.S.C. § 636(b)(1) and Rule 72(b).) Notice of the R&R was sent to defendants via the court's electronic filing system and to plaintiff via first class mail at her last and only known address as reflected on the docket. The statutory period for filing objections has

expired, and to date, no objections have been filed.[1] (*See generally* Docket No. 14-CV-2281.)

**STANDARD OF REVIEW**

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

**DISCUSSION**

The court presumes familiarity with the underlying facts and procedural history as set forth in more detail in the Judge Bloom's August 19, 2015 Report & Recommendation. Judge Bloom recommended dismissal on the grounds that plaintiff is precluded from relitigating her claims for violations of procedural due process under the Fifth Amendment and for violation of New York Education Law § 3020-a under the doctrine

---

[1] Because plaintiff was served by mail, the statutory period for filing objections expired on September 8, 2015, due to the Labor Day holiday (*see* Fed. R. Civ. P. 6(d)); however, no objections to the Report and Recommendation have been filed to date.

of res judicata, because plaintiff brought these claims in an Article 78 proceeding in New York State Supreme Court. In the State Court proceeding, the court found that plaintiff's due process rights were not violated, and that plaintiff's challenge to the arbitration procedures and award from plaintiff's Section 3020-a proceeding was without merit. (R & R at 5-6.)

Judge Bloom also recommended dismissal of plaintiff's Title VII and ADEA claims of retaliation on grounds of collateral estoppel. Specifically, the 100-page Opinion and Award from plaintiffs § 3020-a proceeding found that "the DOE had carried its burden of proving that Davis was not a competent teacher and that plaintiff had failed to improve, despite efforts to help her." (R & R at 2.) Judge Bloom determined that the facts found by the hearing officer in plaintiff's 3020-a proceeding, which are entitled to preclusive effect, and bar plaintiff from relitigating the merits of the DOE's charges against her. Judge Bloom thus recommended that plaintiff be precluded from arguing that retaliation in violation of Title VII or the ADEA was the "but for" cause of the disciplinary charges brought against her and her ultimate termination.[2]

---

[2] The R & R accurately notes that a First Amendment retaliation claim only requires that the protected conduct was a "motivating factor" in the employer's decision to terminate or otherwise take adverse action. (R & R at 7 n.6.) However, Judge Bloom nevertheless recommended dismissal of plaintiff's First Amendment retaliation claims for failure to state a claim because plaintiff did not allege any speech on a matter of public concern as

4

(R & R at 8.) Finally, Judge Bloom recommended dismissal of plaintiff's remaining federal claims alleging violations of her constitutional rights under the First, Fifth, Seventh and Fourteenth Amendments, and conspiracy to deprive her of these rights under 42 U.S.C. §§ 1985 and 1986, because plaintiff failed to state a claim upon which relief may be granted. (*See* R & R at 9-15.) Judge Bloom also recommended dismissal of plaintiff's claims brought under 18 U.S.C §§ 241, 242, 641, 1341, 1343, 1505, 1512, 1513, and 1515, as these statutes are federal criminal statutes that provide no basis for civil liability. (R & R at 15.) Finally, Judge Bloom recommended that this court decline supplemental jurisdiction over plaintiff's remaining New York City and state law claims. (R & R at 16.)

  The court has carefully reviewed the Amended Complaint, its attached exhibits, the parties' respective submissions in support of and in opposition to defendant's motion to dismiss, and Judge Bloom's well-reasoned and thorough Report and Recommendation and finds no clear error. Accordingly, the court affirms and adopts in its entirety the Report and Recommendation as the opinion of the court. In adopting the Report and Recommendation, the court finds that

---

required to support a plausible claim of First Amendment retaliation. (R & R at 10-11.)

plaintiff's claims are barred by res judicata and collateral estoppel, and fail to state a claim upon which relief can be granted.  The court also declines to exercise supplemental jurisdiction of plaintiff's remaining City and State law claims.  Accordingly, defendants' motion is granted in its entirety, and the complaint is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

The court grants plaintiff twenty-one (21) days from the date of this Memorandum and Order to amend her complaint in a manner consistent with Judge Bloom's R & R and this Memorandum and Order.  *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citing *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991)) (A *pro se* complaint "should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

Plaintiff, however, may not replead claims that are barred by res judicata or collateral estoppel, or that fail as a matter of law because no facts exist on which plaintiff could state a claim.  Specifically, plaintiff may not replead the following claims: (1) Fifth Amendment procedural due process claims that challenge her 3020-a disciplinary charges and the subsequent proceeding, the Opinion and Award issued by Hearing Officer Flame in her 3020-a hearing, or her Article 78 state

6

court proceeding; (2) Fifth Amendment substantive due process claims that challenge her 3020-a disciplinary charges and the subsequent proceeding, the Opinion and Award issued by Hearing Officer Flame in her 3020-a hearing, or her Article 78 state court proceeding, or that raise other constitutional violations; (3) Title VII or ADEA discrimination or retaliation claims that challenge plaintiff's allegedly wrongful termination; (4) Title VII or ADEA retaliation claims that rely on her filing of a complaint of discrimination with the EEOC on January 13, 2014 as "protected activity," as plaintiff's EEOC complaint post-dates her termination and any other incidents alleged in the complaint (R & R at 6 n.5); (5) Seventh Amendment claims, as the right to civil jury trial does not pertain to state proceedings; (6) claims that rely on an alleged violation of New York Education law § 3020-a or that the Opinion and Award issued in connection with the 3020-a proceeding was inequitable; (7) any claims pursuant to 18 U.S.C §§ 241, 242, 641, 1341, 1343, 1505, 1512, 1513m and 1515, as these statutes are federal criminal statutes that provide no basis for civil liability; or (8) any claims pursuant to 29 U.S.C. § 621, which is a Congressional statement of finding and purpose of ADEA amendments, and likewise does not provide a separate cause of action.

Because the court has provided plaintiff ample opportunity to prosecute her claims, failure to comply with the

court's order granting her leave to file an amended complaint by October 23, 2015[3] will result in dismissal of plaintiff's entire action with prejudice. Plaintiff is also advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that plaintiff include in the amended complaint all the necessary information that was contained in the original complaint, except that she should not include claims that are precluded by this Memorandum and Order, are barred by res judicata or collateral estoppel, or that fail as a matter of law because no facts exist on which plaintiff could state a claim. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. The Clerk of the Court is respectfully directed to serve of a copy of this Order on plaintiff and note service on the docket by October 2, 2015.

**SO ORDERED.**

Dated:   September 29, 2015
         Brooklyn, New York

                                          ____      /s/_____
                                          **Kiyo A. Matsumoto**
                                          United States District Judge

---

[3] Pursuant to Federal Rule of Civil Procedure 6(d), three days are added because plaintiff shall be served by mail.